UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLGA SCHNEIDER,<br><br>    Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No.: 5:14-cv-03593-PSG<br><br>**ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 14, 19)** |

Plaintiff Olga Schneider suffers from various mental and physical impairments, but her application process for disability and disability insurance benefits focused only on her depression.[1] Based on—or in spite of—a variety of physicians' opinions, a vocational expert's observations and Schneider's testimony, the Commissioner of Social Security held that Schneider's "medically severe" depression[2] was not disabling for the purposes of unskilled work at all exertional levels.[3] Because substantial evidence and proper application of law do not

---

[1] *See* Docket No. 9-3 at 17.

[2] *See id.*

[3] *See id.* at 23.

1

Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

support this decision, the court GRANTS Schneider's motion for summary judgment and DENIES the Commissioner's motion for summary judgment.

## I.

Through its administrative law judges, the Commissioner of Social Security evaluates claims using a sequential five-step evaluation process. In the first step, the ALJ must determine whether the claimant currently is engaged in substantial gainful activity, and if so, the claimant is not disabled and the claim is denied.[4] If the claimant currently is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments lasting more than 12 months; if not, the ALJ finds the claimant "not disabled" and the claim is denied.[5] If the claimant has a "severe" impairment or combination of impairments that meets the duration requirement, the third step requires the ALJ to determine whether the impairment or combination of impairments meets or is equal in severity a listed impairment in Appendix 1 of Subpart P of 20 CFR § 404.[6] If the claimant's impairment equals or is comparable to a listed impairment, disability is conclusively presumed and benefits are awarded.[7]

If the claimant's impairment or combination of impairments is severe but does not meet or equal in severity a listed impairment, the fourth step requires the ALJ to determine whether the

---

[4] *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

[5] *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909.

[6] *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1520a(d)(2).

[7] *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); 20 C.F.R §§ 404.1520(d), 416.920(d).

claimant has sufficient "residual functional capacity"[8] to perform his or her past work[9]; if so, the claimant is not disabled and the ALJ denies the claim.[10] It is the claimant's burden to prove that he or she is unable to perform past relevant work.[11] If the claimant meets this burden, the Commissioner then bears the burden of establishing that the claimant can perform other work,[12] comprising the fifth and final step in the sequential analysis. In determining whether claimant can adjust to other work, the ALJ considers claimant's RFC, age, education and work experience.[13] If the Commissioner provides evidence that the claimant can perform other work and that such work exists in significant numbers in the national economy, the claimant is not disabled and the ALJ must deny the claim.[14]

"There are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can do: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines at 20

---

[8] A claimant's residual functioning capacity ("RFC") is what the claimant can still do despite existing physical, mental, non-exertional and other limitations. *See Cooper v. Sullivan,* 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[9] *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), 404.1520a(d)(3).

[10] *See Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992); *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir. 1994).

[11] *See Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006). If the claimant does not meet his or her burden of proof in the fourth step, he or she may proceed to the fifth step only if the ALJ does not have sufficient evidence about claimant's past relevant work to make a determination.

[12] *See* 20 C.F.R §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[13] *See* 20 C.F.R §§ 404.1560(c)(1), 416.960(c)(1).

[14] *See* 20 C.F.R §§ 404.1560(c)(2), 416.960(c)(2); there are two ways for the Commissioner to meet the burden of showing that there is work in significant numbers in the national economy that the claimant can perform: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. § 404, Subpart P, Appendix 2; 20 C.F.R. § 416.969; *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).

C.F.R. pt. 404, subpt. P, app. 2."[15]  "A claimant's placement with the appropriate table is determined by applying a matrix of four factors identified by Congress—a claimant's age, education, previous work experience, and physical ability.  For each combination of these factors, they direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements."[16]  "The grids should be applied only where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids."[17]  When the grids fail accurately to describe a claimant's particular limitations, the Commissioner may not rely on them to show the availability of jobs, but must take the testimony of a vocational expert and identify specific jobs within the claimant's capabilities.[18]  "Because the grids are not designed to establish automatically the existence of jobs for persons with both severe exertional and non-exertional impairments, they may not be used to direct a conclusion of *nondisability*."[19]  Further, "[s]pecific findings as to

---

[15] *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

[16] *Id.* at 1114-15 (citing *Tackett,* 180 F.3d at 1101).

[17] *Tackett,* 180 F.3d at 1103; *Lounsburry*, 468 F.3d at 1115; *see also Burkhart v. Bowen,* 856 F.2d 1335, 1340 (9th Cir. 1988) (concluding that the use of "the grids will be inappropriate where the predicate for using the grids—the ability to perform full range of either medium, light or sedentary activities—is not present.").

[18] *See Burkhart*, 856 F.2d at 1340.  Even when expert testimony is required, however, the grids continue to provide a framework within which the ALJ must make the determination of disability. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(d) (1991) ("when the necessary judgments have been made as to each factor and it is found that no specific rule applies, the rules still provide guidance for decisionmaking . . . [and] the adjudicator then has a frame of reference for considering the jobs or types of work . . . in terms of numbers of jobs remaining for a particular individual").

[19] *See Lounsburry*, 468 F.3d at 1115-16; *Tackett*, 180 F.3d at 1102 (emphasis included); Cooper, 880 F.2d at 1156  ("[The Commissioner] may not rely solely on the grids to deny benefits when additional impairments detract from a claimant's ability to work.").

4
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

whether social security disability claimant possessed transferable skills [are] required even when the ALJ relied on the testimony of a vocational expert."[20]

Where there is no affirmative evidence of malingering, and the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons.[21]

In determining whether the claimant is disabled, the ALJ considers medical opinions in the record that reflect on the nature and severity of a claimant's impairment or impairments.[22] Generally, a non-examining source receives less weight that an examining physician's medical opinion,[23] and the opinion of a source that has treated the claimant and established a longitudinal picture of the claimant's impairment receives most weight.[24] Ultimately, the degree of weight given to medical opinions depends on the physician's presentation of relevant evidence and supporting explanations.[25] Weight given to a treating physician's opinion depends on how well the opinion is supported by "medically acceptable" techniques and consistency with substantial evidence in the record.[26] If contradicted by another doctor, the opinion of a treating or examining doctor can only be rejected for "specific and legitimate" reasons supported by "substantial

---

[20] *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219 (9th Cir. 2009).

[21] *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

[22] *See* 20 C.F.R. §§ 404.1527(a)(2), (b) and 416.927(a)(2), (b).

[23] *See* 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1); *Gallant*, 753 F.2d at 1456.

[24] *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

[25] *See* 20 C.F.R. §§ 404.1527(c)(3 ), 416.927(c)(3).

[26] *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

5
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

evidence in the record."[27] The Commissioner will give weight to the opinions of non-examining sources to the extent they are "consistent with independent clinical findings or other evidence in the record."[28]

Nearly four and a half years ago, Schneider filed a Title II application for disability and disability insurance benefits.[29] Schneider alleged disability beginning November 9, 2010.[30] The claims were denied initially, upon reconsideration and following a hearing and supplemental hearing before the ALJ.[31] The appeals council denied further review, making the ALJ's decision the final agency decision.[32]

Schneider now requests that this court remand for further proceedings.[33] The Commissioner requests that the court affirm the Commissioner's final decision.[34]

**II.**

The court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P.

---

[27] *See Regenitter v. Comm'r of Soc. Sec. Admin*, 166 F.3d 1294, 1298-99 (9th Cir. 1999).

[28] *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("An opinion by a non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record"); 20 C.F.R. §§ 404.1527(e)(1)(i), 416.927(e)(1)(i).

[29] *See* Docket No. 19 at 1.

[30] *See* Docket No. 9-3 at 16.

[31] *See id.*

[32] *See* Docket No. 14-1 at 6.

[33] *See id.* at 21.

[34] *See* Docket No. 19 at 26.

6
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

72(a).[35] The court finds this motion suitable for disposition on the papers in light of this court's local rules and procedural order.[36]

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying Schneider her benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.[37] In this context, the term "substantial evidence" means "more than a scintilla but less than a preponderance"—it is "such relevant evidence a reasonable mind might accept as adequate to support the conclusion." [38] Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ.[39]

The decision of whether to remand for further proceedings turns on the likelihood that such proceedings could "remedy defects in the original administrative proceedings."[40] Where the Commissioner has failed to provide legally sufficient reasons for rejecting evidence, such evidence must be credited; [41] further, an immediate award of benefits must be directed if there are no outstanding issues to resolve and the ALJ would be required to find the claimant disabled, were such evidence credited.[42]

---

[35] *See* Docket Nos. 6, 7.

[36] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call."); Civil L.R. 16-5; Docket No. 5.

[37] *See Tidwell v. Apfel,* 161 F.3d 599, 601 (9th Cir. 1999).

[38] *See id.*; *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

[39] *See Morgan,* 169 F.3d at 599.

[40] *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981)).

[41] *See Harman*, 211 F. 3d at 1178 (citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)).

[42] *See id.* (citing *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996)).

7
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

**III.**

Pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a), the ALJ conducted the sequential five-step evaluation process for determining whether an individual is disabled. At the first step, the ALJ found Schneider had not engaged in substantial gainful activity since November 29, 2010 and met the insured status requirements through March 31, 2014.[43] At step two, the ALJ found Schneider had "the following severe impairment: depression."[44]

At step three, the ALJ found Schneider did not have an impairment or combination of impairments that meets or medically equals in severity one of the listed impairments.[45] The ALJ found Schneider experienced no limitation in activities of daily living, mild difficulties in social functioning, mild-to-moderate difficulties in concentration, persistence or pace and no episodes of decompensation.[46] The ALJ thereby concluded Schneider's impairments were not adequately severe to meet or approximate a listed impairment.[47]

At step four, the ALJ found Schneider has the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to performing semiskilled work."[48] The ALJ based his RFC assessment on "all symptoms" to the

---

[43] *See* Docket No. 9-3 at 16.

[44] *See id.* at 18.

[45] *See id.* Impairments are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).

[46] *See* Docket No. 9-3 at 19. The ALJ also found the evidence fails to establish the presence of the "paragraph C" criteria of Listing 12.04, finding "no evidence of repeated episodes of decompensation of extended duration, a residual disease process resulting in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, or current history of one or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement." *Id.*

[47] *See id.*

[48] *See id.* at 20.

8
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

extent they were "consistent with the objective medical evidence and other evidence" as well as opinion evidence.[49]  He found Schneider's claims of intense, persistent and limiting symptoms "not credible to the extent they were inconsistent with her RFC."[50]  Ultimately, the ALJ found Schneider had not been under a disability since November 29, 2010, and though she was unable to perform any past relevant work, she was capable of employment in "jobs that exist in significant numbers in the national economy."[51]

## IV.

Having reviewed the ALJ's reasoning, considering adverse as well as reinforcing evidence,[52] the court finds substantial evidence and proper application of law do not support the ALJ's decision.[53]  Because additional proceedings may remedy defects in the original administrative proceedings, and the cumulative error outlined below is not harmless,[54] the case is remanded for further fact finding consistent with the following.[55]

*First*, substantial evidence does not support the ALJ's decision that Schneider could perform semi-skilled work, because the ALJ failed to consider Schneider's physical impairments and age.  Despite evidence in the record that Schneider suffered from hyperlipidemia, hypertension, obesity, sleep apnea and osteopenia,[56] the ALJ did not consider the combination of

---

[49] *See id.*

[50] *See id.* at 21.

[51] *See id.* at 24.

[52] *See Drouin,* 966 F.2d at 1257; *Hammock,* 879 F.2d at 501.

[53] *See Moncada,* 60 F.3d 521, 523 (9th Cir. 1995); *Drouin,* 966 F.2d at 1257.

[54] *See, e.g.*, *Baxley v. Astrue*, Case No. 1:10-cv-830-SEB-TAB, at 9 (S.D. Ind. Aug 23, 2011).

[55] *See Lewin,* 654 F.2d at 635.

[56] Docket No. 9-8 at 258, 263, 282-4, 287; Docket No. 9-9 at 393, 398, 401-02, 405-07, 450-3.

9
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Schneider's exertional and nonexertional impairments, severe and non-severe,[57] and neglected to mention her physical impairments at all.[58] The ALJ further failed to consider the vocational expert's opinions on transferability and other work Schneider could perform,[59] that Schneider's participation at the Council on Aging does not engage the same expectations as employment in a job or that if someone were absent three days a month, they would not be employable.[60] The ALJ did not account for Schneider's age, which also changes the calculus of the transferability of skills.[61] Instead, the ALJ determined on his own—identifying no treatment records in support and discounting a treating physician and consultative psychiatric examiner in addition to the vocational expert[62]—that Schneider could perform semi-skilled work at all exertional levels. The ALJ's reliance on the grids alone was inappropriate because he did not accurately and completely describe the Plaintiff's exertional abilities and limitations.[63] The ALJ must factor in all of the symptoms and evidence in determining what work Schneider potentially could do at step five.[64]

---

[57] *See* 20 C.F.R. § 404.1523; SSR 96-8.

[58] *See* Docket No. 9-3 at 13-25. This is despite the fact that some of her impairments were either objectively obvious or present in the record, and despite the fact that the ALJ purported to consider "all symptoms." *See id.* at 20. The Commissioner now argues that State agency physician L. Guyer reviewed the record and concluded that Schneider's physical impairments were non-severed and the notes indicated "[n]o new functional limitations from any chronic [Medically Determinable Impairments]." Docket No. 9-9 at 373. But even nonsevere impairments must be considered, and so too must existing (not just new) impairments.

[59] SSR 82-41.

[60] *See* Docket No. 9-3 at 81; SSR 82-41; *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000).

[61] *See* SSR 82-41 at 4(c).

[62] *See* Docket No. 9-8 at 336; Docket No. 9-9 at 457.

[63] *See Tackett*, 180 F.3d at 1102.

[64] *See* 20 C.F.R. Part 404, Subpart P, Appendix 2 (the Grids).

The complexity of the analysis of exertional limitations requires a determination of transferability and likely, the use of a vocational expert.[65]

***Second***, neither substantial evidence nor "clear and convincing reasons" support the ALJ's credibility findings.[66] The ALJ found Schneider's testimony inconsistent with the RCF.[67] At the same time, the ALJ determined that a lay witness supporting Schneider was not credible and a treating physician who corroborated Schneider's testimony should be granted little weight.[68] He did not consider Schneider for a consultative medical exam, and gave "some" weight to consultative psychiatric examiner Maria Acenas who did not review any evidence of Schneider's mental health treatment.[69]

Schneider's ability to find a substitute care-giver for her husband,[70] without more inquiry into what was involved, does not make her testimony incredible. Schneider's checking "yes" on a box labeled "ability to handle money, pay bills, count change, handle a savings account and use a checkbook," without more investigation as to the extent of these activities or their relevance to credibility, does not undermine Schneider's credibility.[71] A vague objection to Schneider's daily activities does not indicate transferability to a job,[72] and a response to medication such that she

---

[65] *See id.*

[66] *See, e.g.*, *Carmickle*, 533 F.3d at 1160.

[67] *See* Docket No. 9-3 at 21.

[68] *See* Docket No. 9-3 at 23.

[69] *See* Docket No. 9-8 at 335-36.

[70] *See* Docket No. 9-3 at 59-82; Docket No. 9-8 at 302. The ALJ did not investigate what this help involved.

[71] *See* Docket No. 9-3 at 20; Docket No. 9-7 at 214, 225; Docket No. 9-9 at 419.

[72] *See Orn v. Astrue*, F.3d 625, 639 (9th Cir. 2007).

"continues to be at her baseline" does not clearly indicate a lack of credibility.[73] This is especially the case in light of Schneider's age and the "low-expectation," "uncompetitive" nature of her participation at the Council on Aging.[74] The ALJ may be right that Schneider can do more work that she "actually did."[75] But given the absence of evidence of malingering, if the ALJ is to find Schneider, lay witness Ada Gantman and treating physician Dharitri Mahapatra "partial credible," he must give clear and convincing reasons.[76] He did not.

*Third*, the ALJ erred in his assignment of weight to the doctor's opinions. Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence on the record.[77] The ALJ gave some weight to consultative examiner Acenas and little weight to Mahapatra. This is because, said the ALJ, Mahapatra relied on Schneider's subjective complaints and her opinion was without substantial support from any objective findings.[78] But each of Mahapatra's reports provided opinions, observations, objective assessments and a plan.[79] And unlike Acenas' exam, Mahapatra considered the notes of treating psychiatrist Evelyn Wong and therapist Karen Leavitt. The ALJ did not give Mahapatra's opinion little weight and Acenas'

---

[73] Docket No. 9-9 at 417; Docket No. 9-8 at 295 ("Pt. will be continued on medication to prevent decompensation.").

[74] *See* Docket No. 9-3 at 69, Docket No. 9-6 at 166, Docket No. 9-7 at 214, 251; Docket No. 9-8 at 457-460.

[75] 20 C.F.R. § 404.1571; Docket No. 9-3 at 23.

[76] *Cf. Carmickle*, 533 F.3d at 1160.

[77] *Lester*, 81 F.3d at 830; *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Embrey v. Bowen*, 849 F. 2d 418, 421-22 (9th Cir. 1988).

[78] *See* Docket No. 9-3 at 23.

[79] Docket No. 9-9 at 417, 420-21.

12
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

opinion "some weight" for "specific and legitimate reasons." [80] This was an error the ALJ must correct on remand.

### V.

Having found that substantial evidence and proper application of law does not support the ALJ's decision, the Commissioner's motion is DENIED and Schneider's motion is GRANTED.

**SO ORDERED.**

Dated: May 13, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[80] *See Regenitter*, 166 F.3d at 1298-99.

13
Case No.: 5:14-cv-03593-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT